## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.

**WEISENSEEL, TATIANA**

>   Petitioner,

>   v.

**KRISTI NOEM**, Secretary of the United States
Department of Homeland Security, in her official
capacity; **U.S. Department of Homeland
Security**; **JOSEPH B. EDLOW**, Director of the
United States Citizenship and Immigration
Services, in his official capacity; **United States
Citizenship and Immigration Services**;
**WENDY WILCOX**, Field Office Director of the
United States Citizenship and Immigration
Services' West Palm Beach Field Office, in her
official capacity; **PAMELA BONDI**, U.S.
Attorney General, in her official capacity;
**JASON A. REDING QUINONES**, United States
Attorney of the Southern District of Florida, in his
official capacity,

>   Respondents.

_____/

## INTRODUCTION

This action seeks to compel the federal government to perform a clear and

mandatory duty it has refused to carry out: adjudicating Tatiana Weisenseel's

("Petitioner") long-pending application for adjustment of status to lawful permanent

residence.  Petitioner filed her Form I-485 on June 8, 2022, based on an immediate-relative petition as the spouse of a United States citizen pursuant to 8 U.S.C. § 1255(a). Nearly four years later, U.S. Citizenship and Immigration Services ("USCIS") has taken no final action on her application.  Despite Petitioner's full compliance with all statutory and regulatory requirements, completion of biometrics, submission of requested evidence, and repeated inquiries invoking USCIS's own "outside normal processing times" procedures, Respondents have left her application in bureaucratic limbo with no explanation, no timeline, and no lawful justification.

Federal law does not permit such paralysis.  While USCIS retains discretion over the ultimate outcome of an adjustment application, it has no discretion to refuse to decide the application at all.  See Norton v. S. Utah Wilderness All., 542 U.S. 55, 64–65 (2004).

The Immigration and Nationality Act and the Administrative Procedure Act impose a non-discretionary duty on Respondents to adjudicate adjustment applications within a reasonable time.  See 8 U.S.C. § 1255(a); 5 U.S.C. §§ 555(b), 706(1).  Here, that duty has been breached.  USCIS has already completed the steps necessary to adjudicate Petitioner's case, including issuing receipt notices, accepting filing fees, processing biometrics, approving employment authorization, approving travel permit, and approving immediate-relative petition as the spouse of a United States citizen, yet it has failed to render a final decision on the core application i.e., I-485.  See 8 C.F.R. §§ 103.2(a)(7), 103.2(b)(9).

The harm caused by this delay is concrete and ongoing.  Petitioner remains indefinitely deprived of the stability, security, and legal certainty Congress intended

adjustment of status to provide.  This is precisely the type of agency paralysis the mandamus statute and the Administrative Procedure Act were enacted to remedy.  See 28 U.S.C. § 1361; 5 U.S.C. § 706(1); Kim v. Ashcroft, 340 F. Supp. 2d 384, 389–90 (S.D.N.Y. 2004).

Respondents' prolonged failure to act is unreasonable as a matter of law.  No statute, regulation, or concern justifies an adjudicatory delay of this magnitude in a straightforward immediate-relative adjustment case with an approved immediate-relative petition as the spouse of a United States citizen.  Courts assessing unreasonable delay claims apply the factors articulated in Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984), which make clear that agency action must be governed by a rule of reason and may not be postponed indefinitely.  Absent judicial intervention, there is no indication that Respondents will act at all.  Petitioner therefore seeks a writ of mandamus and declaratory and injunctive relief compelling Respondents to immediately adjudicate her application and to end the unjustified withholding of agency action that has persisted for years.

**JURISDICTION**

1.      Petitioner is an applicant for adjustment of status to lawful permanent residence whose Form I-485 has been pending with U.S. Citizenship and Immigration Services ("USCIS"), a component agency of the Department of Homeland Security ("DHS"), since June 8, 2022.

2.      Respondents are federal officers and agencies responsible for the adjudication of Petitioner's application and exercise authority over her case through USCIS and its West Palm Beach Field Office, which maintains jurisdiction over her adjustment application.

3.      This action arises under the laws of the United States, including the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.

4.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action presents federal questions arising under the laws of the United States, including claims that Respondents have unlawfully withheld or unreasonably delayed agency action in violation of 5 U.S.C. §§ 555(b) and 706(1).

5.      This Court has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, to compel Respondents, as officers and agencies of the United States, to perform a clear, non-discretionary duty owed to Petitioner—namely, to adjudicate her application for adjustment of status.

6.      This Court is authorized to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and to compel agency action unlawfully withheld or unreasonably delayed under the APA, 5 U.S.C. § 706(1).

7.      Judicial review is not barred by 8 U.S.C. § 1252(a)(2)(B) because Petitioner does not challenge a discretionary decision on the merits of her adjustment application, but rather Respondents' failure to take any action at all.  Courts retain jurisdiction to compel

agency action where the agency has a non-discretionary duty to act within a reasonable time.  See Norton v. S. Utah Wilderness All., 542 U.S. 55, 64–65 (2004).

8.      Accordingly, this Court has jurisdiction to review Respondents' prolonged inaction and to order them to adjudicate Petitioner's long-pending application for adjustment of status.

## VENUE

9.      Venue is proper in this Court because the events or omissions giving rise to this action occurred within this federal judicial district, including the adjudication and continued non-adjudication of Petitioner's Form I-485 by USCIS's West Palm Beach Field Office.

10.     Venue is also proper pursuant to 28 U.S.C. § 1391(e) because Respondents are officers, employees, or agencies of the United States acting in their official capacities, and Petitioner resides within this judicial district.

## PARTIES

11.     Petitioner is an applicant for adjustment of status to lawful permanent residence whose Form I-485 has been pending with U.S. Citizenship and Immigration Services ("USCIS") since June 8, 2022.  She resides within this judicial district and seeks adjudication of her long-pending application.

12.     Respondent Kristi Noem is the Secretary of the United States Department of Homeland Security ("DHS").  In her official capacity, Respondent Noem is responsible for the administration and enforcement of the nation's immigration laws, including oversight

of USCIS and the adjudication of applications for adjustment of status.  She is sued in her official capacity only.

13.     Respondent U.S. Department of Homeland Security is a federal executive agency charged, inter alia, with administering and enforcing the Immigration and Nationality Act and overseeing lawful immigration to the United States, including the processing and adjudication of adjustment-of-status applications.

14.     Respondent Joseph B. Edlow is the Director of United States Citizenship and Immigration Services.  In his official capacity, Respondent Edlow is responsible for USCIS's policies, practices, and procedures governing the adjudication of Form I-485 applications.  He is sued in his official capacity only.

15.     Respondent United States Citizenship and Immigration Services is a component agency of DHS charged with adjudicating immigration benefit applications, including applications for adjustment of status to lawful permanent residence.

16.     Respondent Wendy Wilcox is the Field Office Director of the United States Citizenship and Immigration Services' West Palm Beach Field Office.  In her official capacity, Respondent Wilcox exercises direct supervisory authority over the adjudication of Petitioner's Form I-485 application and is responsible for ensuring that such applications are timely processed.  She is sued in her official capacity only.

17.     Respondent Pamela Bondi is the Attorney General of the United States and the head of the Department of Justice.  In her official capacity, she is responsible for the

representation of the United States and its agencies in civil actions and for ensuring compliance with federal law.  She is sued in her official capacity only.

18.     Respondent Jason A. Reding Quinones is the United States Attorney for the Southern District of Florida.  In his official capacity, he is responsible for representing Respondents in this action and is named pursuant to 28 U.S.C. § 1391(e).  He is sued in his official capacity only.

## STATEMENT OF FACTS

19.     Petitioner was born on March 14, 1991, in Moldova, and is a national and citizen of Moldova.[1]

20.     On July 16, 2020, Petitioner married Erik Richard Weisenseel, a United States citizen.[2]

21.     On June 8, 2022, Petitioner concurrently filed an Application to Register Permanent Residence or Adjust Status (Form I-485)[3] and a Petition for Alien Relative (Form I-130)[4] based on her marriage to a United States citizen.  USCIS issued receipt notices confirming acceptance of the filings and collection of all required filing fees.[5]

---

[1]     See Exhibit 1.
[2]     See Exhibit 2.
[3]     See Exhibit 3.
[4]     See Exhibit 4.
[5]     See Exhibit 5.

22.     Petitioner's Form I-485 was assigned Receipt Number IOE0916534694, with a receipt date of June 8, 2022, and has remained pending since that time.[6]

23.     Following submission of her adjustment application, Petitioner complied with all USCIS requirements, including attending biometrics processing and submitting evidence requested by the agency.[7]

24.     On June 29, 2022, USCIS issued a Request for Evidence ("RFE") in connection with Petitioner's Form I-485, requesting additional documentation relating to the Form I-864 Affidavit of Support.[8]  Petitioner timely responded to the RFE by submitting the requested evidence in full.

25.     On September 14, 2022, USCIS issued a Form I-693 deficiency notice advising that Petitioner's medical examination would be required at the time of interview or upon further request.[9]

26.     On September 12, 2023, USCIS issued a Notice of Intent to Deny ("NOID") the Form I-130 Petition for Alien Relative filed on Petitioner's behalf, requesting additional evidence to establish the bona fides of the marriage.[10]

---

[6]     See id.
[7]     See Exhibit 6.
[8]     See Exhibit 7.
[9]     See Exhibit 8.
[10]    See Exhibit 9.

27.     Petitioner and her U.S. citizen spouse timely responded to the NOID by submitting extensive documentary evidence demonstrating the bona fide nature of their marital relationship and a shared life together.

28.     On November 27, 2023, after submission of the evidence, USCIS approved the Form I-130 Petition for Alien Relative filed by Petitioner's United States citizen husband, confirming Petitioner's eligibility for classification as an immediate relative under the Immigration and Nationality Act.[11]

29.     On February 6, 2024, while Petitioner's Form I-485 remained pending, USCIS approved Petitioner's application for advance parole and issued a travel document, further confirming that USCIS had completed background checks and other preliminary processing necessary to adjudicate Petitioner's pending application for adjustment of status.[12]

30.     On July 29, 2024, USCIS approved her Application for Employment Authorization (Form I-765), and Petitioner was issued an Employment Authorization Document.[13]

31.     Despite completion of biometrics, submission of all requested evidence, and approval of ancillary benefits, USCIS has taken no final action on Petitioner's Form I-485. Beginning in 2024 and continuing into 2025, Petitioner repeatedly contacted USCIS to

---

[11]     See Exhibit 10.
[12]     See Exhibit 11.
[13]     See Exhibit 12.

inquire about the status of her long-pending application, including submitting service requests designated as "Outside Normal Processing Times."[14]

32.     On or about September 6, 2024, and again on March 10, 2025, Petitioner or her designated representative contacted USCIS regarding the prolonged delay in adjudicating her Form I-485.[15]  USCIS acknowledged receipt of those inquiries but did not provide any meaningful explanation for the delay or a timeline for adjudication.

33.     Petitioner has submitted the required medical examination on two separate occasions.  Petitioner initially submitted a completed Form I-693 medical examination in 2023.   After that medical examination expired due to USCIS's prolonged delay in adjudication, USCIS issued a subsequent Request for Evidence on August 18, 2025, requesting a new medical examination.   Petitioner timely complied and submitted a second completed Form I-693, which USCIS received on August 29, 2025.[16]

34.     As of the filing of this action, Petitioner's Form I-485 has been pending for nearly four years with no interview scheduled, no final decision issued, and no lawful justification provided for the continued delay.   Petitioner has complied with every statutory and regulatory requirement imposed by USCIS and has done everything within her control to facilitate adjudication of her application.

35.     Respondents' continued failure to adjudicate Petitioner's application has left her in indefinite legal limbo, deprived of the final resolution Congress intended adjustment of

---

[14]     See Exhibit 13.
[15]     See id.
[16]     See Exhibit 15.

status to provide.  Petitioner therefore brings this action to compel Respondents to perform their mandatory duty to adjudicate her long-pending application for adjustment of status.

## EXHAUSTION OF ADMINITRATIVE REMEDIES

36.    Petitioner has exhausted all available administrative remedies, and no further administrative process exists to compel adjudication of her long-pending application for adjustment of status.  USCIS regulations do not provide any formal mechanism by which an applicant may force the agency to adjudicate a pending Form I-485 once it has been accepted for processing and remains unadjudicated beyond normal processing times.

37.    Since the filing of her Form I-485 on June 8, 2022, Petitioner has repeatedly and diligently attempted to obtain adjudication of her application through every available administrative channel.  These efforts include multiple status inquiries submitted directly to USCIS, including service requests expressly designated as "Outside Normal Processing Times," which are USCIS's own prescribed method for addressing prolonged delays.[17]

38.    USCIS acknowledged receipt of Petitioner's inquiries and assigned referral identification numbers to her service requests.[18]  However, despite acknowledging the

---

[17]    See Exhibit 13.
[18]    See id.

inquiries, USCIS failed to provide any meaningful explanation for the delay, failed to identify any outstanding deficiency, and failed to provide any timeline for adjudication.[19]

39.     Petitioner also sought assistance through congressional inquiry, submitting privacy release forms and communicating with a congressional office in an effort to prompt agency action.  These efforts likewise failed to result in adjudication or any meaningful response from USCIS.[20]

40.     At no point has USCIS advised Petitioner that additional evidence is required, that further action on her part is necessary, or that adjudication is pending the resolution of any identified issue.  Instead, Respondents have simply allowed Petitioner's application to languish indefinitely.

41.     Exhaustion is not required where administrative remedies are inadequate, futile, or incapable of providing the relief sought.  See McCarthy v. Madigan, 503 U.S. 140, 147–49 (1992).  Here, any further exhaustion would be futile because USCIS lacks any internal procedure that can compel itself to adjudicate a pending application, and Petitioner has already invoked every available administrative avenue without success.

42.     Moreover, the Administrative Procedure Act does not require exhaustion where, as here, the plaintiff challenges agency inaction rather than an adverse agency decision.  See Darby v. Cisneros, 509 U.S. 137, 146–47 (1993).  Petitioner does not seek review of

---

[19]     See id.
[20]     See Exhibit 14.

a discretionary denial but instead seeks to compel agency action unlawfully withheld and unreasonably delayed.

43.     Under these circumstances, further delay in the name of administrative exhaustion would serve no purpose other than to perpetuate the very harm Petitioner challenges— continued agency paralysis with no defined endpoint.

44.     Petitioner has therefore satisfied any exhaustion requirement to the extent one applies and is entitled to seek judicial relief compelling Respondents to perform their mandatory duty to adjudicate her application.

## **LEGAL FRAMEWORK**

45.     Federal courts possess authority to compel agency action that has been unlawfully withheld or unreasonably delayed.   Congress codified this authority in both the Mandamus Act, which authorizes courts to compel federal officers to perform duties owed to plaintiffs, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), which requires agencies to conclude matters presented to them within a reasonable time and empowers courts to compel agency action unlawfully withheld or unreasonably delayed. See 5 U.S.C. §§ 555(b), 706(1).

46.     While Congress has vested the Secretary of Homeland Security with discretion over whether to grant or deny an application for adjustment of status, it has not vested discretion to refuse to decide such applications altogether.   See 8 U.S.C. § 1255(a).   The distinction between discretion over the outcome and a duty to act is well established: "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to

take a discrete agency action that it is required to take." <u>Norton v. S. Utah Wilderness All.</u>, 542 U.S. 55, 64 (2004) (emphasis omitted).

47.     Adjustment of status adjudication constitutes such a discrete agency action. USCIS regulations contemplate that adjustment applications will be reviewed, investigated, and decided following receipt, biometrics processing, and submission of required evidence.  <u>See</u> 8 C.F.R. §§ 103.2(b)(1), 103.2(b)(9).  Although the regulations do not impose a fixed deadline, the APA supplies the governing standard by requiring agencies to act within a "reasonable time."  5 U.S.C. § 555(b).

48.     Courts evaluating unreasonable delay claims apply the factors articulated in <u>Telecommunications Research & Action Center v. FCC ("TRAC")</u>, 750 F.2d 70, 80 (D.C. Cir. 1984).   Under <u>TRAC</u>, courts consider, inter alia, whether the agency's delay is governed by a rule of reason; whether Congress has provided a timetable; the nature and extent of the interests prejudiced by delay; and whether the delay is so egregious as to warrant judicial intervention.  <u>Id.</u>  These factors have been widely adopted in immigration mandamus actions challenging prolonged delays in adjustment adjudications.

49.     Applying these principles, courts have repeatedly held that multi-year delays in adjudicating adjustment-of-status applications—particularly where USCIS has completed biometrics, requested and received all evidence, and approved ancillary benefits—constitute unreasonable delay as a matter of law.  <u>See</u> <u>Kim v. Ashcroft</u>, 340 F. Supp. 2d 384, 389–90 (S.D.N.Y. 2004); <u>Duan v. Zamberry</u>, 2007 WL 626116, at *3–4 (W.D. Pa. Feb. 23, 2007); <u>Yu v. Brown</u>, 36 F. Supp. 2d 922, 931–32 (D.N.M. 1999).

50.     The government may not evade judicial review by invoking generalized references to agency workload, background checks or security concerns.  Courts have rejected such justifications where they amount to indefinite delay with no individualized explanation.  See Yu, 36 F. Supp. 2d at 931.  Permitting the agency to delay adjudication indefinitely would effectively nullify the APA's command that agencies conclude matters presented to them.  See 5 U.S.C. § 555(b).

51.     Nor does 8 U.S.C. § 1252(a)(2)(B) strip this Court of jurisdiction.  That provision bars review of discretionary decisions, it does not bar review of claims challenging the agency's failure to take any action at all.  Courts uniformly hold that § 1252(a)(2)(B) does not preclude judicial review of unreasonable-delay or failure-to-act claims brought under the APA and Mandamus Act.  See Kim, 340 F. Supp. 2d at 389; Duan, 2007 WL 626116, at *2.

52.     Where, as here, an agency has accepted jurisdiction over an application, collected fees, processed biometrics, and approved ancillary benefits, yet failed for years to issue a final decision, mandamus relief is appropriate.  The duty to adjudicate is "ministerial" in the sense that it is mandatory, even if the ultimate decision is discretionary.  See Iddir v. I.N.S., 301 F.3d 492, 499–500 (7th Cir. 2002).

53.     Mandamus relief is particularly warranted where, as here, no adequate alternative remedy exists.  USCIS provides no internal mechanism by which an applicant can compel adjudication of a long-pending application.  Absent judicial intervention, the agency's inaction has no defined endpoint.  See 28 U.S.C. § 1361; McCarthy v. Madigan, 503 U.S. 140, 147–49 (1992).

54.     The APA and Mandamus Act exist precisely to prevent this form of administrative paralysis.  Allowing USCIS to hold adjustment applications in indefinite abeyance would undermine Congress's statutory scheme, deprive applicants of the benefits of lawful permanent residence without due process, and insulate agency inaction from meaningful review.

55.     Accordingly, where USCIS has failed to adjudicate an adjustment-of-status application within a reasonable time, despite completion of all required steps, federal courts possess both the authority and the obligation to compel agency action and to restore the rule of law.  See 5 U.S.C. § 706(1); 28 U.S.C. § 1361.

### CLAIMS FOR RELIEF

### (I) FIRST CLAIM FOR RELIEF

### Administrative Procedures Act – Unlawful Withholding and Unreasonable Delay

### (5 U.S.C. § 706(1))

56.     Petitioner realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

57.     The Administrative Procedure Act requires federal agencies to conclude matters presented to them within a reasonable time and authorizes reviewing courts to compel agency action that has been unlawfully withheld or unreasonably delayed.  See 5 U.S.C. §§ 555(b), 706(1).

58.     Respondents have a clear statutory and regulatory obligation to adjudicate Petitioner's application for adjustment of status.  While Respondents retain discretion over

the ultimate outcome of the application, they have no discretion to refuse to decide it altogether.

59.     Petitioner's Form I-485 has been pending since June 8, 2022.  USCIS has completed all material steps necessary to adjudicate Petitioner's case, including issuing receipt notices, accepting filing fees, processing biometrics, approving employment authorization and advance parole, and approving the underlying immediate-relative petition filed by Petitioner's United States citizen spouse, yet it has failed to render a final decision on the core application for adjustment of status (Form I-485).

60.     Respondents' prolonged inaction constitutes agency action unlawfully withheld and unreasonably delayed within the meaning of 5 U.S.C. § 706(1).  The delay is not governed by any rule of reason, has no defined endpoint, and is unsupported by any individualized explanation.

61.     The interests prejudiced by Respondents' delay are substantial.  Petitioner remains deprived of the stability, legal certainty, and immigration status Congress intended adjustment of status to confer, solely as a result of agency inaction.

62.     Respondents' failure to adjudicate Petitioner's application is contrary to law, and violates the APA.

63.     Petitioner is therefore entitled to declaratory and injunctive relief compelling Respondents to adjudicate her application for adjustment of status forthwith.

## (II) SECOND CLAIM FOR RELIEF

## Mandamus – (28 U.S.C. § 1361)

64.     Petitioner realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

65.     The Mandamus Act vests this Court with jurisdiction to compel officers or agencies of the United States to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

66.     Respondents owe Petitioner a clear, ministerial, and non-discretionary duty to adjudicate her properly filed application for adjustment of status within a reasonable time. That duty arises from the Immigration and Nationality Act, the Administrative Procedure Act, and USCIS's own implementing regulations.

67.     Petitioner has a clear right to relief.  She has complied with every statutory and regulatory requirement, responded to all agency requests, and exhausted all available administrative avenues to prompt adjudication.

68.     Respondents have failed and refused to perform their mandatory duty.  Their continued inaction has no lawful justification and has left Petitioner in indefinite legal limbo.

68.     Petitioner has no adequate alternative remedy at law.  USCIS provides no internal mechanism by which an applicant may compel adjudication of a long-pending application, and further delay would only perpetuate the harm caused by Respondents' inaction.

69.     Under these circumstances, mandamus relief is appropriate and necessary to compel Respondents to perform their clear duty to adjudicate Petitioner's application.

70.     Petitioner therefore seeks issuance of a writ of mandamus ordering Respondents to adjudicate her application for adjustment of status within a reasonable time set by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

1- Exercise jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361 and 5 U.S.C. § 706(1);

2- Declare that Respondents have unlawfully withheld and unreasonably delayed agency action in violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1);

3- Issue a writ of mandamus compelling Respondents to adjudicate Petitioner's application for adjustment of status (Form I-485) within a reasonable time to be set by this Court;

4- In the alternative, issue declaratory and injunctive relief ordering Respondents to adjudicate Petitioner's Form I-485 forthwith and prohibiting further unreasonable delay;

5- Retain jurisdiction over this matter to ensure Respondents' compliance with the Court's orders;

6- In the event Respondents issue an adverse decision on Petitioner's application, order Respondents to issue a written decision supported by articulated findings of fact and conclusions of law, sufficient to permit meaningful judicial review, and to certify that the decision is based solely on the administrative record and the merits of the application, and not influenced by Petitioner's initiation of this action or by any improper retaliatory motive, in order to ensure compliance with the Administrative Procedure Act and to prevent arbitrary, capricious, or pretextual agency action;

7- Award Petitioner reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and any other applicable provision of law; and

8- Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th Day of February, 2026.

By: */s/ Luis A. Guerra*

**Luis A. Guerra**[21]

Guerra Saenz PL

3111 N. University Dr., Suite 429
Coral Springs, FL 33065
Tel: (954) 434-5800
Fax: (954) 518-4268
luis@guerralegal.com

---

[21] The undersigned acknowledges and appreciates the assistance of Muhammad Usman, Esq., in the preparation of this petition.

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>

I represent Petitioner and submit this verification on her behalf.  I certify that the factual statements set forth in the foregoing Petition for Writ of Mandamus are true and correct to the best of my knowledge, information, and belief.

Dated this 11th of February, 2026.

**Guerra Saenz PL**

By: */s/ Luis A. Guerra*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

**Guerra Saenz PL**

By: */s/ Luis A. Guerra*